

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dorman Nickels
County Attorney
Wharton County
Wharton, Texas

Dear Sir:

Opinion No. O-4539
Re: Requirement of vaccination of
school children for smallpox.

We have received your letter of recent date in which you ask the opinion of this department upon the following question:

"Does the Board of School Trustees for Wharton Independent School District have the authority to require the pupils attending said school to be vaccinated for smallpox before being allowed to attend school?"

You state that at the present time no epidemic of smallpox exists; but that with the concentration of soldiers nearby it is felt that the possibility of an epidemic is made imminent; and that with the induction of local physicians into the armed forces the vaccination of school children in case of such an epidemic would prove most difficult. Hence, you want to know whether, in view of these facts, the board of trustees may require vaccination before the epidemic becomes an actuality.

We are of the opinion that your question should be answered in the affirmative. Article 2780, Vernon's Annotated Civil Statutes, provides among other things the following:

"Said trustees shall adopt such rules, regulations and by-laws as they may deem proper; and the public free schools of such independent district shall be under their control; and they shall have the exclusive power to manage and govern said schools; . . ."

As you pointed out in your brief, in the case of Temple Independent School District, 97 S. W. (2d) 1047, (W. E. Ref.) this provision was held to be applicable to all types of independent school districts.

In Volume 37 of Texas Jurisprudence, pages 1069-1070, it is said:

"Where exclusive control of the public schools of a city or district is given to its board of education or trustees, with power to establish all rules and regulations necessary to maintain an efficient system, any regulation intended and reasonably calculated to prevent the introduction or spread of a contagious and dangerous disease, such as smallpox, is well within the powers granted. School boards, in the proper administration of the affairs of schools, may therefore require the vaccination of pupils as a condition precedent to their attendance. And under their power to enact ordinances for the protection of health, legislative bodies of municipalities may deny children the right to attend school unless vaccinated. Ordinances and regulations of this nature are not in contravention of constitutional guaranties, nor do they interfere with the operation of the compulsory school law. Nor are the regulations objectionable on the ground that no emergency exists; it is not a question of emergency, but a question whether the board's action is arbitrary.

"'It is not necessary for an epidemic to exist or be imminent in order for the school board to be justified in adopting and enforcing the regulation . . . if the conditions are such that they constitute a menace to the public health.'"

That the board of trustees of an independent school district may under its authority to manage and control the public schools in such district require vaccination of pupils as a prerequisite to their attendance of such schools has been determined in the following cases: Staffel et al. v. San Antonio School Board of Education et al., 201 S. W. 413; (W.E.Ref.) City of New Braunfels et al. v. Waldschmidt et al., 109 Tex. 302, 207 S. W. 303; Johnson et al. v. City of Dallas et al., 291 S.W. 972. (W. E. Dismd.) It is not necessary that an emergency exist; it is a question whether the action of the board in requiring vaccination is reasonable. Booth et al. v. Board of Education of Fort Worth Independent School District, 70 S.W.(2d) 350; (W.E.Dismd.) Zucht v. King et al., 225 S.W. 267; (W.E.Ref.; Ptn. for Certiorari, dismd., 257 U.S. 650, 66 L.Ed. 416); Zucht v.

Honorable Dorman Niekels, page 3

San Antonio School Board, 170 S. W. 640; (W. K. Ref.)  And it has been held that such a regulation violates neither constitutional guaranties nor the compulsory school law.  City of New Braunfels v. Waldschmidt, supra; Staffel v. San Antonio Board of Education, supra; Booth v. Board of Education, supra.

In view of the foregoing authorities and of the fact situation as outlined in your letter, you are respectfully advised that your question should be answered in the affirmative, and it is so answered.

We wish to express our appreciation for your excellent and exhaustive brief.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 27, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By
George W. Sparks
Assistant

GWS:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN